FILED

United States Court of Appeals

Tenth Circuit

May 24, 2012

Elisabeth A. Shumaker

Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARGO BATTLE,

      Plaintiff-Appellant,

v.

J-M MANUFACTURING COMPANY,
INC., d/b/a JM Eagle,

      Defendant-Appellee.

No. 11-5094
(D.C. No. 4:09-CV-00106-TCK-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Margo Battle appeals from the grant of summary judgment to her former

employer, defendant J-M Manufacturing Company ("JM Eagle"), on one of her

claims asserting race discrimination in employment, in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. We have jurisdiction

under 28 U.S.C. § 1291. Because plaintiff fails to point to any evidence that was

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

before the district court at the time of its summary judgment ruling showing that the court erred in its conclusions, we dismiss the appeal as frivolous.

Battle is an African-American female who worked for JM Eagle from April 2006 until sometime in December 2007. Whether she resigned or was terminated was disputed. In February 2009, she filed this suit against JM Eagle, asserting numerous discrimination claims under federal and state law. The district court granted JM Eagle's motion for summary judgment on all of her claims except one, a failure-to-promote claim. On that claim, the jury found in favor of JM Eagle.

This appeal concerns only Battle's claim for failure to train, one of the race discrimination claims on which the district court granted summary judgment to JM Eagle prior to trial. Battle asserted that four Caucasian employees were sent for training on particular machines relevant to the work and that JM Eagle's decision not to send her for training was based on race discrimination. The district court held that she failed to carry her burden to present evidence demonstrating that a genuine issue of material fact remained to be tried. *See* Aplt. App. at 259-60.

The district court set out a four-part legal standard for Battle's prima facie case on her failure-to-train claim. *Id.* at 259. The court held that Battle failed to satisfy the fourth element, which required her to show that "she was not provided training under circumstances giving rise to an inference of discrimination, *i.e.*, that she was denied training given to other similarly situated employees who were not members of the protected group." *Id.* The court reasoned that JM Eagle presented evidence that

- 2 -

the four white employees sent for training "were selected because they were either [lead employees], had experience on the relevant machines, or needed training due to an impending shift change[,]" but the evidence showed that "[p]laintiff had no experience on the machines at the time the training began, was not a lead, and was not changing shifts or job duties." *Id.* at 259-60. The district court also held that Battle had "not presented evidence demonstrating weaknesses or implausibilities in JM Eagle's explanation that [she] was not selected for the legitimate, non-discriminatory reason that, in its business judgment, other employees better fit its selection criteria and were better situated to benefit from the training[,]" and she therefore failed to show that JM Eagle's proffered reason was a pretext for discrimination. *Id.* at 260. Accordingly the court granted summary judgment to JM Eagle.

Battle argues on appeal that the district court erred in ruling: (1) that JM Eagle was entitled to summary judgment on her training claim; (2) that she did not prove a difference in treatment based on race with regard to training; (3) that she did not prove that she was denied training under circumstances giving rise to an inference of discrimination; (4) that she did not prove that JM Eagle's proffered reasons for failing to train her were pretextual; and (5) that no reasonable jury could conclude that JM Eagle, in failing to provide training to her, acted with discriminatory animus based on her race.

"We review a grant of summary judgment de novo, applying the same legal standard as the district court." *Tomlinson v. El Paso Corp.*, 653 F.3d 1281, 1286 (10th Cir. 2011). "Summary judgment is proper when there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "The evidence should be viewed in the light most favorable to the non-moving party." *Id.*

But "although our review is de novo, we conduct that review from the perspective of the district court at the time it made its ruling, ordinarily limiting our review to the materials adequately brought to the attention of the district court by the parties." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). If the moving party carries his or her burden to "demonstrat[e] the absence of a genuine issue of material fact[,]" *id.* at 670, "the burden shifts to the nonmovant to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant[,]" *id.* at 671 (internal quotation marks omitted). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits[.]" *Id.*; *see* Rule 56(c)(1) (stating that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record," and listing numerous examples of such materials). In addition, the appellant's brief on appeal must include her "contentions and the

reasons for them, with citations to the authorities and parts of the record on which [she] relies[.]" Fed. R. App. P. 28(a)(9).

Battle's arguments on appeal are almost completely unsupported by any evidence that was before the district court at the time it made its summary judgment ruling, leaving us unable to provide her any relief. Some of her assertions are completely unsupported by evidence. For example, she states that she "experienced disparate treatment in training, promotions, and discipline as well as hostile and offensive language based on her race, African-American, throughout her employment." Aplt. Opening Br. at 3. Although she cites page 141 of her appendix, *see id.*, that cite is to the introduction to her district court brief, and there are no evidentiary cites at all on that page of her brief. A few other assertions are supported by citations to the transcript from the trial on her failure-to-promote claim, but that evidence was not before the district court at the time it made its summary judgment ruling on her failure-to-train claim.

Battle has pointed to evidence showing that she was trained on one of the machines relevant to the training she wished to attend. *See* Aplt. App. at 176. But the evidence to which she directs us does not specify *when* she was trained on that machine. *See id.* In contrast, JM Eagle presented evidence that Battle was not trained on the machine in question until *after* the outside training had ended. *See id.* at 74. Battle's evidence is therefore insufficient to show that the district court erred in concluding that she was not similarly situated to the Caucasian employees sent for

training---she failed to present any evidence that she had experience on the relevant machines "*at the time the training began*," was a lead, or was changing shifts or job duties. Aplt. App. at 259-60 (emphasis added).

In sum, Battle's arguments on appeal are insufficiently supported to demonstrate the existence of a triable issue of fact on her prima facie case under *Adler*, 144 F.3d at 670-71. Likewise, she has failed to point to evidence showing that JM Eagle's proffered reason for not including her in the training was a pretext for discrimination. The lack of evidentiary support to challenge the district court's grant of summary judgment to JM Eagle means that plaintiff's appeal is not arguable in law, and it is therefore frivolous. *See United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

The appeal is DISMISSED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge